Michele R. Stafford, Esq. (SBN 172509)
Jessica N. Melgar, Esq. (SBN 311575)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: jmelgar@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health And Welfare Trust Fund for Northern California, et al.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; | Case No. **COMPLAINT** |
| PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; | |
| PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; | |
| OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS PRE-APPRENTICE, APPRENTICE AND JOURNEYMEN AFFIRMATIVE ACTION TRAINING FUND; DAN REDING and JAMES E. MURRAY, Trustees; and | |
| OPERATING ENGINEERS LOCAL UNION NO. 3 VACATION, HOLIDAY AND SICK PAY TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees; Plaintiffs, | |
| v. | |
| EAGLE ROCK INDUSTRIES, a California Corporation, | |
| Defendant. | |

1

COMPLAINT
Case No.

<div align="right">1</div>
<div align="right">2</div>
<div align="right">3</div>
<div align="right">4</div>
<div align="right">5</div>
<div align="right">6</div>
<div align="right">7</div>
<div align="right">8</div>
<div align="right">9</div>
<div align="right">10</div>
<div align="right">11</div>
<div align="right">12</div>
<div align="right">13</div>
<div align="right">14</div>
<div align="right">15</div>
<div align="right">16</div>
<div align="right">17</div>
<div align="right">18</div>
<div align="right">19</div>
<div align="right">20</div>
<div align="right">21</div>
<div align="right">22</div>
<div align="right">23</div>
<div align="right">24</div>
<div align="right">25</div>
<div align="right">26</div>
<div align="right">27</div>
<div align="right">28</div>

<div align="center">Parties</div>

1.     The Operating Engineers' Health and Welfare Trust Fund for Northern California (which includes the Addiction Recovery Program, Inc.) ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers,  and the Operating Engineers Annuity Plan) ("Pension Fund"); Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); Operating Engineers and Participating Employers Pre-apprentice, Apprentice and Journeymen Affirmative Action Training Fund ("Affirmative Action Training Fund"); and the Operating Engineers Local Union No. 3 Vacation, Holiday and Sick Pay Trust Fund  ("Vacation Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3), and are multi-employer plans as defined by ERISA § 3(37)(A), 29 U.S.C. § 1002(37)(A). The Trust Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Dan Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with authority to act on behalf of all Trustees.

2.     Eagle Rock Industries, a California corporation, is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. § 152(2).

<div align="center">Jurisdiction</div>

3.     Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.     Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that ERISA Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining agreement between Defendant and the Union.

5.     To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted

<div align="center">2</div>

**COMPLAINT**
**Case No.**

1    herein, each of which has a substantial ground in federal jurisdiction.

2                                                    Venue

3           6.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action

4    is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'

5    discretion, in the district where the plan is administered, where the breach took place, or where a

6    defendant resides or may be found, and process may be served in any other district where a defendant

7    resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal

8    place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this

9    Court.

10          7.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

11   185, as this Court has jurisdiction over the parties, as the Operating Engineers Local Union No. 3 of the

12   International Union of Operating Engineers, AFL-CIO ("Union") maintains its principal place of

13   business in this district, its duly authorized officers or agents are engaged in representing employee

14   members in this district, and the claims arise in this district.

15                                         Intradistrict Assignment

16          8.      The basis for assignment of this action to this Court's Oakland Division is that all of the

17   events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA

18   Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to

19   fulfill its statutory and contractual obligations to Plaintiffs.

20                                          Bargaining Agreements

21          9.      Defendant Eagle Rock Industries ("Defendant"), by and through its representative,

22   United Contractors ("UCON") *fka* Engineering and Utility Contractors Association ("EUCA"), entered

23   into the Master Agreement for Northern California between UCON, Associated General Contractors of

24   California, Inc., Industrial Contractors, UMIC, Inc., Northern Alliance of Engineering Contractors and

25   the Union (the "Master Agreement" or "Bargaining Agreement). The Bargaining Agreement, which

26   incorporates the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements")

27   require Defendant to provide employer contributions to Plaintiffs' Funds, to the Union for union dues,

28   and to the Bargained Entities more fully described in the Bargaining Agreements. ERISA Plaintiffs are

                                                       3
**COMPLAINT**
**Case No.**

1   third party beneficiaries of the Bargaining Agreements.

2         10.    Under the terms of the Bargaining Agreements, and Trust Agreements incorporated

3   therein, Defendants are required to pay certain contributions to the Operating Engineers' Vacation,

4   Holiday & Sick Pay Trust Fund, Contract Administration Fund; Job Placement Center and Market Area

5   Committee Administration Market Preservation Fund; Construction Industry Force Account Operating

6   Engineers Industry Stabilization Trust Fund; Heavy & Highway Trust Fund, and Business Development

7   Trust Fund (including the California Alliance for Jobs (together referred to herein as "Bargained

8   Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and

9   distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining

10  Agreements and Trust Agreements.

11        11.    Under the Bargaining Agreement and Trust Agreements, which are incorporated into the

12  Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to

13  ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which

14  are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth

15  (15th) day of the month following the month in which hours were worked, and are considered

16  delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required,

17  pursuant to the Bargaining and Trust Agreements, to pay liquidated damages in the amount of ten

18  percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each

19  delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust

20  Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the

21  Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in

22  which payment was due, until paid in full.

23        12.    The Bargaining and Trust Agreements further require Defendant to maintain time records

24  or time cards, and to permit an authorized Trust Fund representative to examine such records of

25  Defendant as are necessary to determine whether Defendant has made full payment of all sums owed to

26  ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and

27  prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due,

28  including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust

**COMPLAINT**
**Case No.**

1  Agreements.

2  <center>Factual Allegations</center>

3      13.   Defendant has failed and refused to report and pay contributions for hours worked by its

4  employees during the periods from July 2017 through April 2018, and June 2018 through August 2019.

5  Liquidated damages and interest have been incurred and are owed to Plaintiffs for the unpaid

6  contributions for those months.

7      14.   Defendant has also failed to pay liquidated damages and interest for late-paid

8  contributions for hours worked by its employees during the months of September 2019 through March

9  2020.

10      15.   Plaintiffs are also entitled to recover any and all other contributions, and all liquidated

11  damages and interest on delinquent contributions not specified above, found due on timecards, audit, or

12  otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs,

13  through the time of Judgment. Plaintiffs reserve the right to conduct an audit to determine whether there

14  are any additional amounts due from Defendant.

15

16  <center>**FIRST CAUSE OF ACTION**
**For Payment of Delinquent Contributions, Interest, Liquidated Damages,**
**Attorneys' Fees and Costs Against Defendant**</center>

17

18      16.   Plaintiffs re-allege and incorporate by reference paragraphs 1 through 15, above.

19      17.   Defendant has a contractual duty to timely pay the required contributions to Plaintiffs and

20  the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement and

21  Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreement, and Trust

22  Agreements incorporated therein to permit an audit of its records to determine whether it is making full

23  and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts

24  found due as a result of an audit, including audit fees.

25      18.   In addition, Defendant has a statutory duty to timely make the required payments to

26  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

27      19.   By failing to make the required reports and payments to Plaintiffs, Defendant breached

28  the Bargaining Agreement and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145,

<center>5</center>

**COMPLAINT**
**Case No.**

and LMRA § 301(a).

20.     Defendant's failure and refusal to pay the required contributions, including the amounts found by audit, plus liquidated damages and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement, and incorporated Trust Agreements by failing to pay all amounts owed as alleged. Said refusal is unjustified and done with knowledge and intent.

21.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreement and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

22.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

23.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

<u>Prayer</u>

WHEREFORE, Plaintiffs pray as follows:

1.     For a judgment against Defendant as follows:

(a)     Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

i.     To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

**COMPLAINT**
**Case No.**

      ii.    To the Union in accordance with the Bargaining Agreement.

(b)    Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c)    Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3.    For an order,

(a)    requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements;

(b)    enjoining Defendant from violating the terms of those documents and of ERISA; and

(c)    enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

4.    That the Court retain jurisdiction of this case pending compliance with its orders.

5.    For such other and further relief as the Court may deem just and proper.

DATED: May 18, 2020          SALTZMAN & JOHNSON LAW CORPORATION

By: _____/S/_____

Jessica N. Melgar
Attorneys for Operating Engineers' Health And Welfare Trust Fund for Northern California, et al.

**COMPLAINT**
**Case No.**

P:\CLIENTS\OE3CL\Eagle Rock Industries\Pleadings\Complaint 051820.docx